UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AMBER HENDRICK, ET AL.         CIVIL ACTION

VERSUS                              NUMBER 14-462-BAJ-SCR

OUTBACK STEAKHOUSE OF FLORIDA,
LLC, ET AL.

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within fourteen days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 23, 2014.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


AMBER HENDRICK, ET AL.          CIVIL ACTION

VERSUS                          NUMBER 14-462-BAJ-SCR

OUTBACK STEAKHOUSE OF FLORIDA,
LLC, ET AL.


## **MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiffs Amber Hendrick and Adam Hendrick. Record document number 7.[1] No opposition has been filed.

Plaintiffs filed a Petition for Damages in state court against defendant Outback Steakhouse of Florida, LLC to recover damages for injuries incurred by Amber Hendrick when she allegedly fell in the parking lot of an Outback Steakhouse restaurant in Gonzales, Louisiana. Plaintiffs alleged that Amber Hendrick sustained progressive, serious and permanent injuries, consisting of loss of hearing, contusions to her face, anxiety, elbow contusions, severe trauma and injury to her thoracic spine, lumbar spine with numbness in the toes of her left foot, contusions and left knee pain, and left leg pain.[2] Plaintiffs sought damages for(1) past, present and future pain and suffering, (2) past, present and future mental

---

[1] See also record document number 9, Memorandum in Support of Motion to Remand.

[2] Record document number 1-3, Petition for Damages, ¶ 9.

anguish and distress, (3) humiliation, (4) disfigurement, (5) loss of enjoyment of life, (6) disability, (7) impairment of earning capacity, (8) loss of past and future income, (9) past and future medical expenses, and (10) loss of consortium.[3]

Defendant Outback Steakhouse removed the case to this Court, asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship.[4] Defendant argued that the plaintiffs' allegations concerning Amber Hendrick's multiple injuries make the jurisdictional amount facially apparent from the petition. Defendant also asserted that the jurisdictional amount is reinforced by the plaintiffs' failure to include an allegation purporting to limit their recovery to less than $75,0000 pursuant to Louisiana Civil Code article 893(A)(1).

Plaintiffs moved to remand based on the fact that Amber Hendrick's current medical status and treatment do not satisfy the jurisdictional amount required under § 1332(a). Plaintiffs also asserted in their motion that the amount in controversy is not

---

[3] *Id.*, ¶¶ 10-12.

[4] Defendant alleged citizenship as follows: plaintiffs are citizens of Louisiana; defendant Outback Steakhouse of Florida, LLC, was organized under the laws of Florida, with its principal place of business in Tampa, Florida, whose sole member is OSI Restaurant Partners, LLC, an LLC organized under the laws of the state of Delaware, with its principal place of business in Tampa, Florida. Defendant alleged that the sole member of OSI Restaurant Partners, LLC is OSI Holdco, Inc., a Delaware corporation with its principal place of business in Tampa, Florida. Record document number 1, Notice of Removal, ¶8.

2

expected to exceed $75,000.  This assertion was supported by a Stipulation that "the plaintiff's damages ... cannot exceed the sum of $75,000.00, exclusive of interest and costs," that they "waive, release, and remit their claims to any damages greater than $75,000.00 and agree that any verdict in excess thereof shall be reduced to $75,000.00, exclusive of interest and costs," and they "agree to be bound by this Stipulation no matter which court has jurisdiction and that they are precluded from demanding damages greater than $75,000.00, exclusive of interest and costs."[5]

## Applicable Law

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).

If a case is removed based on diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2). However, if the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy

---

[5] Record document 9-1, Exhibit A.

exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)-(B). This is the case in Louisiana - plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages.[6]

In the Fifth Circuit, for cases removed from Louisiana courts, the established framework for resolving disputes over the amount in controversy is as follows. The removing defendant must show, by a preponderance of the evidence, that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or, (2) by setting forth facts - preferably in the removal petition, but sometimes by affidavit – which support finding that the required amount is present. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*,

---

[6] Louisiana Code of Civil Procedure Article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."
Plaintiffs did not allege that their claims are for less than the required jurisdictional amount. While this factor supports finding that the plaintiffs' claims are not for less than the amount required for diversity jurisdiction, it is not determinative and is considered in light of other evidence. *See*, *Weber v. Stevenson*, 2007 WL 4441261 *2 (M.D. La. Dec. 14, 2007); *Joseph v. State Farm Mut. Auto. Co.*, 2011 WL 2899127 (E.D. La., July 18, 2011).

538 U.S. 945, 123 S.Ct. 1634 (2003).[7]  Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal.  *Gebbia*, 233 F.3d at 883.  If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction.  *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994).  However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is ambiguous at the time of removal.  *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.  *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct.

---

[7] *See, Washington-Thomas v. Dial America Marketing, Inc.*, 2012 WL 5287043 (W.D.Tex. Oct. 23, 2012); *Firmin v. Richard Const., Inc.*, 2012 WL 5332998 (E.D.La. Oct. 26, 2012) (new provision of § 1446(c)(2) of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat. 758 (2011), is consistent with the Fifth Circuit approach in requiring that the removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 when plaintiffs do not request a specific amount in damages).

586 (1938).

Whether this framework will remain viable after the Supreme Court's decision in *Dart Cherokee Basin Operating Co., LLC v. Owens*,___ S.Ct. ___ , 2014 WL 7010692 (Dec. 15, 2014) is unclear. In *Dart* the Court held that, as specified in 28 U.S.C. § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Therefore, the good faith amount-in-controversy allegation of a defendant removing a case asserting diversity jurisdiction should be accepted when not contested by the plaintiff or questioned by the district court. If the amount in controversy is contested, both sides then submit proof and the district court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied.

## Analysis

It is not facially apparent from the allegations in the plaintiffs' petition that the value of their claims exceeds $75,000, exclusive of interest and costs. Although the plaintiffs alleged several categories of injuries to Amber Hendrick, these allegations are devoid of any facts describing the injuries with any particularity, *e.g.* the extent of the injury, whether surgery was performed or will likely be required, or plaintiff Amber Hendrick's prognosis. The lack of details concerning the injuries also makes it impossible to evaluate the lost wages or earning

6

capacity claims. Thus, it would be pure speculation to conclude that the jurisdictional amount is satisfied.

Also, only the plaintiffs submitted anything outside of the Petition bearing on the amount in controversy, namely their Stipulation, which the defendant did not contest.

Primarily because the defendant failed to provide any substantive evidence to demonstrate the extent of plaintiff Amber Hendrick's alleged injuries, but also considering that it did not dispute the plaintiffs' Stipulation, the defendant has not shown by a preponderance of evidence that the amount in controversy exceeds $75,000 for any plaintiff.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiffs' Motion to Remand be granted.

Baton Rouge, Louisiana, December 23, 2014.

*[Signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE